Dear Ms. Hamilton:
You requested an Attorney General's opinion regarding the Natchitoches Parish Hospital ("Hospital"). With respect to a sale of the Hospital, you have presented a number of questions for our review.
In an effort to present our answers in an orderly and non-repetitive fashion, we have grouped your questions together, where appropriate, for response.
 If the Natchitoches Parish Hospital Service District is an agency of the Parish governing authority, who owns the Natchitoches Parish Hospital? Is the Parish governing authority the proper party to act in the capacity as seller of the Hospital?
The question of who owns the Hospital is a factual question, which our office is not in a position to answer. However, if the Hospital is owned by the Natchitoches Parish Hospital Service District ("District"), then the District would be the proper party to act in the capacity as seller. If the Hospital is owned by Natchitoches Parish, then the Parish, through the Parish governing authority, would be the proper party to act in the capacity as seller.
 Must the Parish governing authority and voters of the Parish approve the sale of the Hospital?
Provisions of Louisiana law require the approval of both the electorate and the Attorney General in connection with the sale of hospitals. With respect to voter approval of a sale of a hospital, La. R.S. 33:4341(A) pertinently provides:
 Any . . . political subdivision or taxing district . . . may sell or lease any revenue-producing properties owned by it, including all proper franchises to operate the properties . . . provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose . . .
Attorney General's Opinion No. 94-443 determined, and it remains our opinion, that a hospital facility owned by a political subdivision constitutes property of a revenue-producing utility as defined in La. R.S. 33:4341. That opinion further concluded the sale of such a facility could only be accomplished after approval of same by the referendum of the electorate.
Additionally, La. R.S. 40:2115.11, et seq., provides that "the state has an interest in assuring the continued existence of accessible, affordable health care facilities that are responsive to the needs of the communities in which they exist", and further, that a not-for-profit hospital shall not be acquired "unless and until the acquisition is reviewed and approved by the attorney general." La. R.S. 40:2115.11. In accordance with these provisions of law, it is our opinion that the approval of the Attorney General is required in connection with the sale of a hospital service district hospital. With respect to the approval of the Police Jury, our research did not reveal any provision of law which specifically requires same. However, we note that La. R.S. 33:1415 gives parish governing authorities the authority to abolish any district it has created, and to exercise budgetary and fiscal controls over such a district.
 If the Hospital is sold, where should the proceeds from the sale of the Hospital be deposited? How can the proceeds be used?
First, if the District has any outstanding bonded indebtedness, the proceeds should be used to satisfy those obligations. If the District has any outstanding bonds, we recommend you contact bond counsel prior to any transaction involving the sale of the Hospital. Any remaining proceeds must be used for appropriate health care purposes. La. R.S.40:2115.17 provides in relevant part:
 A. The attorney general shall approve the application unless he finds that the acquisition is not in the public interest. An acquisition is not in the public interest unless appropriate steps have been taken to safeguard the value of charitable assets and ensure that any proceeds of the transaction are used for appropriate health care purposes as provided for in R.S. 40:2115.18.
 B. In determining whether the acquisition meets such criteria under this Subpart, the attorney general shall consider:
*****
 (7) Whether the sale proceeds will be used for appropriate health care purposes consistent with the seller's original purpose or for the support and promotion of health care in the affected community and whether the proceeds will be controlled as funds independently of the purchaser or parties to the acquisition.
 (8) Whether any corporation established to hold the proceeds of the sale will be broadly based in the community and be representative of the affected community, taking into consideration the structure and governance of such corporation.
La. R.S. 40:2115.18 provides in pertinent part:
 In making a decision whether to approve or disapprove an application, the attorney general shall also determine whether the acquisition affects the continued existence of accessible, affordable health care facilities that are responsive to the needs of the community. In making this determination, the attorney general shall consider:
 (1) Whether sufficient safeguards are included to assure the affected community continued access to affordable care.
 (2) Whether the purchaser and parties to the acquisition have made a commitment, at least comparable to the seller, to provide health care to the disadvantaged, the uninsured, and the underinsured and to provide benefits to the affected community to promote improved health care. Activities and funding provided by the seller or its successor nonprofit corporation or foundation to provide such health care or to provide support or medical education and teaching programs or medical research programs shall be considered in evaluating compliance with this commitment.
Additionally, LAC 48:XXV, Section 307(B)(24) provides in relevant part:
 24. Foundation Issues:
 (a) Attach as Appendix P the detailed written plan of the preservation, protection, and use of any and all proceeds from the dissolution of the nonprofit, or the sale to or merger with the acquirer. State and fully explain whether any money, property, or proceeds resulting from the transaction referred to in your Notice or the operation of the foundation will benefit any director, officer or for-profit person or entity, directly or indirectly. The detailed plan shall include bylaws, a conflict of interest statement, a defined mission, the proposed investment policy, and granting procedures.
 (b) Attach as Appendix Q proof that any asset purchase agreement or other contract, by whatever name, does not incorporate or place any restrictions which any for-profit entity may place on the use of charitable or nonprofit funds and any other funds or property, either now or in the future, by any foundation created or endowed to preserve, disburse, or protect the funds.
Based upon the foregoing rule and statutes, it is the opinion of our office that a non-profit foundation should be formed to control and manage the proceeds of any sale of the Hospital. These proceeds must be used for appropriate health care purposes as provided for in the above-referenced statutes and rule.
 Can the Parish governing authority abolish the Natchitoches Parish Hospital Service District Board if the Board refuses to cooperate with the Parish governing authority? Once the Board is abolished, can the Parish governing authority sell the Hospital?
As indicated above, La. R.S. 33:1415 gives parish governing authorities the authority to abolish any district it has created, and to exercise budgetary and fiscal controls over such a district. If the Parish governing authority abolishes the District, and the property of the District reverts to the Parish, then the Parish governing authority can sell the Hospital, subject to approval of both the electorate of the Parish and the Attorney General.
 Can the citizens of the Parish request that the District or the Parish governing authority sell the Hospital?
While the citizens of the Parish may request that the District or the Parish governing authority sell the Hospital, we are not aware of, and our research did not reveal, any provision of law which would require the District or the Parish governing authority to act upon such a request.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/crt